UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS MEDLEY,** | : | **CIVIL NO.1:15-CV-1261** |
| | : | |
| **Plaintiff,** | : | **(Judge Caldwell)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case.

This is a *pro se* civil rights action brought by Louis Medley, a federal inmate, through the filing of a complaint on June 29, 2015. (Doc. 1.) Liberally construed, in his complaint Medley alleges two claims of negligence. First, according to Medley prison officials negligently failed to follow their own protocol for screening inmates for tuberculous and placed a tubercular inmate in Medley's prison housing unit, exposing him to tuberculous, which he contracted in a latent form. (Id., ¶ 12.) Medley's complaint may also be liberally construed as bringing a claim of medical malpractice against prison medical staff. (Id.)

The defendant has responded to this complaint by filing a motion to dismiss, or in the alternative, for summary judgment. (Doc. 17.) In this motion, the defendant construes Medley's complaint as one which exclusively alleges medical malpractice by prison care givers. Construed in this fashion, the defendant argues that the

complaint should be dismissed since Medley has failed to provide a certificate of merit on this professional negligence claim, as required by Pennsylvania Rule of Civil Procedure 1042.3. Medley has responded to this motion by arguing, in part, that his claim is not one of medical malpractice by prison medical staff. Rather, Medley asserts a claim of ordinary negligence by non-medical prison officials in administratively failing to properly screen a tubercular inmate and negligently placing that prisoner in the general inmate population. With the positions of the parties framed in this fashion, this motion has been fully briefed and is now ripe for resolution. For the reasons set forth below, it is recommended that this motion be granted, in part and denied, in part. Specifically, we recommend that the motion be granted, to the extent that Medley's complaint is construed as raising a claim of medical malpractice, but denied with respect to Medley's claims of ordinary negligence.

## II. Discussion

### A. Rule 12(b)(6) and Rule 56– The Governing Legal Standards

The defendant has filed a motion to dismiss this complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for legal sufficiency of a

complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly,</u> 550 U.S. 544 (12007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations

sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

Rule 56 of the Federal Rules of Civil Procedure, in turn, provides that "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R.

-5-

Civ. P. 56 (c). Summary judgment is appropriate only when: (1) there are no material facts in dispute; and (2) one party is entitled to judgment as a matter of law. See Int'l Union, United Mine Workers of Am. v. Racho Trucking Co., 897 F.2d 1248, 1252 (3d Cir.1990) (citing Fed. R. Civ. Pro. 56 (c)). A district court may properly grant a motion for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 (c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Material facts" are those which might affect the outcome of the suit. Id.; Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521 (3d Cir.2004).

Regardless of who bears the burden of persuasion at trial, the party moving for summary judgment has the burden to show an absence of genuine issues of material fact. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir.1996) (citations omitted). To meet this burden when the moving party does not bear the burden of persuasion at trial, the moving party must show " 'that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.' " Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d

Cir.1989) (quoting Chippolini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d. Cir.1987)); see Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). More simply put, a party moving for summary judgment who does not bear the burden of persuasion at trial is not required to negate the nonmovant's claim, but only point out a lack of evidence sufficient to support the nonmovant's claim. Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir.1991).

Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that an issue of material fact remains. Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmoving party, however, cannot do so by merely offering general denials, vague allegations, or conclusory statements; rather, the party must point to specific evidence in the record that creates a genuine issue as to a material fact. Celotex, 477 U.S. at 32; Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir.1999).

### B. This Motion Should Be Granted, in Part, and Denied in Part

Judged against these standards, we recommend that this motion be granted, in part and denied, in part. Specifically, we recommend that the motion be granted, to the

extent that Medley's complaint is construed as raising a claim of medical malpractice, but denied with respect to Medley's claims of ordinary negligence.

At the outset, any medical malpractice claims advanced by Medley as a Federal Tort Claims action against the United States fail at present. To state a valid cause of action under the FTCA, such claims must comport with the state laws of the state in which the alleged tortious conduct occurred, in this case the state tort laws of Pennsylvania. 28 U.S.C. § 1346(b); see Gould Elec., Inc. v. United States, 220 F.3d 169, 179 (3d Cir. 2000)(citing § 1346(b)). In order to present a *prima facie* case of medical malpractice under Pennsylvania law, "as a general rule, a plaintiff has the burden of presenting expert opinions that the alleged act or omission of the defendant physician or hospital personnel fell below the appropriate standard of care in the community, and that the negligent conduct caused the injuries for which recovery is sought." Simpson v. Bureau of Prisons, No. 02-2213, 2005 WL 2387631, at *5 (M.D.Pa. Sept. 28, 2005). This requirement is imposed upon malpractice plaintiffs like Medley by Pennsylvania Rule of Civil Procedure 1042.3 which requires the filing a valid certificate of merit along with this malpractice claim.

Pa.R.C.P. No. 1042.3 ("Rule 1042.3") provides in pertinent part:

Rule 1042.3. Certificate of Merit
(a) In any action based upon an allegation that a licensed professionals deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint

or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Thus, to the extent that Medley wishes to bring a medical malpractice action, his failure to comply with Rule 1042.3 is a bar to this claim. In this regard, the controlling legal standards can be simply stated:

> Under Pennsylvania law, "[a] certificate of merit must be filed either with the complaint or within sixty days after the filing of the complaint in any action asserting a professional liability claim 'based upon the allegation that a licensed professional deviated from an acceptable professional standard.' " Smith v. Friends Hospital, 928 A.2d 1072, 1074-75 (Pa.Super.Ct.2007) (quoting PA. R. CIV. P. 1042.3). Federal courts have found that this rule constitutes state substantive law and thus applies in federal courts in Pennsylvania pursuant to Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). See Scaramuzza v. Sciolla, 345 F.Supp.2d 508, 510 (E.D.Pa.2005) (citing Chamberlain v. Giampap, 210 F.3d 154, 158-61 (3d Cir.2000), which held that an analogous New Jersey statute was substantive law); Velazquez v. UPMC Bedform Mem'l Hosp.., 328 F.Supp.2d 549 (W.D.Pa.2004). Courts may dismiss cases when a plaintiff fails to file a required certificate of merit. See, e.g., Stroud v. Abington Mem. Hosp., 546 F.Supp.2d 238, (E.D.Pa.2008); Bresnahan v. Schenker, 498 F.Supp.2d 758, 762 (E.D.Pa.2007); McElwee

Group, LLC v. Mun. Auth. of Elverson, 476 F.Supp.2d 472, 475 (E.D.Pa.2007) (holding that "failure to submit the certificate is a possible ground for dismissal by the district court, when properly presented to the court in a motion to dismiss").

Brownstein v. Gieda, No. 08-1634, 2009 WL 2513778, *3 (M.D.Pa. Aug. 13, 2009).

This requirement of state law applies with equal force to counseled complaints, and to *pro se* medical malpractice actions brought under state law. See Hodge v. Dept. of Justice, 372 Fed. App'x 264, 267 (3d Cir. 2010) (affirming district court's dismissal of medical negligence claim for failure to file COM); Iwanejko v. Cohen & Grigsby, P.C., 249 F. App'x 938, 944 (3d Cir. 2007); Levi v. Lappin, No. 07-1839, 2009 WL 1770146 (M.D. Pa. June 22, 2009). Therefore, Medley's status as a *pro se* litigant cannot excuse him from compliance with the substantive state law when bringing this state law claim of malpractice. Id.

Given the substantive nature of this requirement under Pennsylvania law, and its clear application to medical malpractice claims, it is recommended that any medical malpractice claim advanced by the plaintiff in this lawsuit be dismissed. However, while the plaintiff's failure to comply with Rule 1042.3 requires dismissal of any malpractice claim, we note that the sanction imposed under state law for a violation of this rule, entry of a *non pros* by the prothonotary, has no precise analogue in the federal system. Thus, as least one federal court has held in this context that "[u]nlike dismissal with prejudice, the entry of *non pros* is a default judgment that does not bar the

plaintiff from commencing another suit based upon the same cause of action." Bresnahan v. Schenker, 498 F.Supp.2d 758, 762 (E.D. Pa. 2007)(quoting, Scaramuzza v. Sciolla, 345 F.Supp.2d 508, 511 (E.D. Pa. 2004). Moreover, under Pennsylvania law, a party can seek relief from a *non pros* dismissing a case under Rule 1042.3, by coming into compliance with the rule, showing that there is a meritorious malpractice cause of action, and providing a reasonable explanation or legitimate excuse for then earlier non-compliance. See Womer v. Hilliker, 208 A.2d 269 (2006), see also Pa.R.C.P. No. 3051. Thus, Medley may still have recourse to the courts on this claim, if he timely files a certificate of merit and can otherwise meet the standards prescribed by law for a late filing. However, until Medley takes these steps, and complies with Rule 1042.3, we should dismiss any FTCA medical malpractice claim.

While the failure to provide a certificate of merit is fatal to any medical malpractice claims, Medley argues that he is not bringing a medical malpractice claim in this lawsuit. Instead, Medley couches his claim as one of ordinary negligence, rather than professional malpractice, arguing that prison administrators negligently failed to follow their own screening and prisoner placement procedures when they housed an unscreened and tubercular inmate in the general prison population.

This court has in the past had occasion to discuss the features which distinguish malpractice claims from ordinary negligence lawsuits. As we have noted:

> In conducting this inquiry, "a court must ask two fundamental questions in determining whether a claim sounds in ordinary negligence or medical malpractice: (1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience." Davis v. United States, No. 07–0566, 2009 WL 890938, at *5 (M.D.Pa. Mar.31, 2009) (citing Smith v. Friends Hosp., 928 A.2d 1072, 1075–76 (Pa.Super.2007)). When evidence is predicated "upon facts constituting medical treatment ... involv[ing] diagnosis, care, and treatment by licensed professionals," the evidence "must be characterized as [evidence of] professional negligence." Ditch v. Waynesboro Hosp., 917 A.2d 317, 322 (Pa.Super.2007) (quoting Yee v. Roberts, 878 A.2d 906, 912 (Pa.Super.2005)). As noted by the Third Circuit, "a complaint 'sounds in malpractice' where 'the conduct at issue constituted an integral part of the process of rendering medical treatment.'" Iwanejko v. Cohen & Grigsby, P.C., 249 F. App'x 938, 944 (3d Cir.2007) (quoting Ditch v. Waynesboro Hosp., 917 A.2d 317, 323 (Pa.Super.2007)). Courts of the Third Circuit, in limited circumstances, have recognized that certain acts or omissions by prison medical staff can constitute a breach of an ordinary negligence duty. For example, the denial of an inmate's prescribed medication does not involve an issue of medical judgment, and, therefore, can constitute a breach of the United States's ordinary legal duty. See Jones v. United States, 91 F.3d 623, 625 (3d Cir.1996). Similarly, the denial of access to medical treatment by medical staff has been determined to constitute an act of ordinary negligence. See Hill v. Lamanna, No. 03–323, 2006 WL 2433773, at *9 (W.D.Pa. Aug.18, 2006).

Grundowski v. United States, No. CIV.A. 3:07 2207, 2012 WL 1721781, at *6 (M.D. Pa. May 16, 2012).

Likewise, we have held that:

> To determine whether a plaintiffs claim is one of ordinary or professional negligence, courts must look to the substance, rather than the form, of the complaint. Id. at 507; see also Varner v. Classic Communities Corp., 890 A.2d 1068, 1074 (Pa.Super.Ct.2006) (stating "that it is the substance of

the complaint rather than its form which controls whether [a] claim ... sounds in ordinary negligence or professional malpractice"). In <u>Merlini</u>, the Pennsylvania Supreme Court stated that whether a negligence claim is "professional versus ordinary negligence deals primarily with the breach of a professional standard of care." <u>Merlini</u>, 980 A.2d at 507. The Pennsylvania Superior Court distinguished medical malpractice from ordinary negligence as follows:

> A medical malpractice claim is distinguished by two defining characteristics. First, medical malpractice can occur only within the course of a professional relationship. Second, claims of medical malpractice necessarily raise questions involving medical judgment. Claims of ordinary negligence, by contrast, raise issues that are within the common knowledge and experience of the [fact-finder]. Therefore, a court must ask two fundamental questions in determining whether a claim sounds in ordinary negligence or medical malpractice: (1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience. If both these questions are answered in the affirmative, the action is subject to the procedural and substantive requirements that govern medical malpractice actions.

<u>Ditch v. Waynesboro Hosp</u>., 917 A.2d 317, 322 (Pa.Super.Ct.2007) (<u>quoting Grossman</u>, 868 A.2d at 570).

In sum, "a complaint 'sounds in malpractice' where 'the conduct at issue constituted an integral part of the process of rendering medical treatment." ' <u>Iwanejko v. Co hen & Grigsby, P.C.</u>, 249 F. App'x 938, 944 (3d Cir.2007) (<u>quoting Ditch</u>, 917 A.2d at 323).

<u>Balter v. United States</u>, No. 3:09-CV-1409, 2014 WL 1365905, at *25 (M.D. Pa. Apr. 7, 2014).

Applying these legal guideposts, it has been held that when "the conduct giving rise to [an inmate's] claim involves alleged administrative failures rather than medical malpractice, the Complaint sounds in ordinary negligence." Balter v. United States, No. 3:09-CV-1409, 2014 WL 1365905, at *25 (M.D. Pa. Apr. 7, 2014).

In this case, Medley asserts, and we find, that the complaint in part alleges administrative negligence in the screening and placement of inmates with infectious diseases. These allegations do not necessarily arise out of actions that occurred between Medley and prison medical providers in their professional relationship, and this conduct was not an integral part of rendering medical treatment to Medley. Rather, Medley's complaints on this score arose prior to any medical treatment of the plaintiff due to what he alleges were negligent inmate placement decisions. Such matters are sufficiently administrative in nature to sound in ordinary negligence, and therefore would survive the defendant's motion to dismiss, or in the alternative for summary judgment.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, (Doc. 17) be GRANTED, in part, and DENIED, in part as follows: The motion should be GRANTED to the extent that Medley's complaint is construed as raising a claim of

medical malpractice, but DENIED with respect to Medley's claims of general negligence.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 6th day of April, 2016.

                                                  *S/Martin C. Carlson*
                                                Martin C. Carlson
                                                United States Magistrate Judge