## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS MEDLEY,** | : | **CIVIL NO. 1:15-CV-1261** |
| | : | |
| **Plaintiff,** | : | **(Judge Caldwell)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.   Statement of Facts and of the Case

This is a *pro se* civil rights action brought by Louis Medley, a federal inmate,

through the filing of a complaint on June 29, 2015. (Doc. 1.) Liberally construed,

in his complaint Medley alleges that prison officials negligently failed to follow their

own protocol for screening inmates for tuberculous and placed a tubercular inmate

in Medley's prison housing unit, exposing him to tuberculous, which he contracted

in a latent form. (Id., ¶ 12.)

This case now comes before us for resolution of a discovery dispute and motion

to compel filed by the plaintiff. (Docs. 59 and 61.) In these pleadings, Medley

objects to the United States' response to several of his discovery requests. These

discovery requests sought memoranda and other documents relating to a prison

housing unit lockdown which Medley alleges followed the discovery in October or

November of 2013 that there was a tubercular inmate housed at U.S.P. Canaan.  The government has responded to these discovery demands by stating that no such records exist.  Medley also seeks the entire medical file of the inmate who was allegedly infected with tuberculous.  The government objects to this disclosure on privacy grounds.

Upon consideration, Medley's request to compel production of this information will be denied.

## II.   <u>Discussion</u>

Several basic guiding principles inform our resolution of the instant discovery dispute.  At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P., Rule 26(b)(1), which provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P., Rule 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Therefore, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches nonprivileged matter that is relevant to any party's claim or defense. Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all relevant information  a concept which is not confined to admissible evidence but is also defined in the following terms: "Information within this scope of discovery need not be admissible in evidence to be

4

discoverable." Rather, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D.Kan. 2009). Likewise, "[i]n deciding whether a federal privilege against discovery exists, plaintiffs as the objecting party have the burden of establishing the privilege." Bayges v. Se. Pennsylvania Transp. Auth., 144 F.R.D. 269, 271 (E.D. Pa. 1992). Indeed, because the assertion of a claim of privilege "may result in the withholding of relevant information and so may obstruct the search for truth," In re Chevron Corp., 633 F.3d 153, 164 (3d Cir. 2011), it is well-established that, " 'The burden of proving that the . . . privilege applies is placed upon the party asserting the privilege.' United States v. Landof, 591 F.2d 36, 38 (9th Cir. 1978)." Matter of Grand Jury Empanelled February 14, 1978, 603 F.2d 469, 474 (3d Cir. 1979).

One other immutable rule defines the court's discretion when ruling on motions to compel discovery. It is clear that the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D.Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D.Pa. April 9, 2009). With these legal guideposts in mind, we turn to consideration of Medley's various discovery requests.

At the outset, in this case the defendant has responded to a number of the plaintiff's requests by asserting that it possesses no records that are responsive to these requests. As we have noted, this Court cannot compel the production of things that do not exist. Nor can the Court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D.Pa. Dec. 21, 2010); Knauss v. Shannon, No. 08-1698, 2009 WL 975251 (M.D.Pa. April 9, 2009). Therefore, the defendant's assertion that it does not possess any responsive records that meet the description of the records sought by Medley compels us to deny these

specific requests.  While we deny these particular requests, we note that the parties have an on-going responsibility to supplement their discovery disclosures.  Rule 26 of the Federal Rules of Civil Procedure imposes this obligation on all parties.  <u>See</u> Fed. R. Civ. P. 26(e).  Thus, while we deny these requests at this time in light of the defendant's response, all parties are directed to continue to comply with the provisions of Rule 26(e) and make prompt disclosure of any additional relevant, responsive materials which they may encounter in the course of this litigation.

As for Medley's request for the production of the entire medical file of another prisoner, the inmate who allegedly was the tuberculous carrier in this case, we find that this request is overly broad in that third party inmates possess an undeniable privacy interest in their own medical information.  <u>See</u> <u>Doe v. Delie</u>, 257 F.3d 309 (3d Cir. 2001).  Given this undisputed privacy interest, any request for wholesale disclosure of the inmate's medical files will be denied.[1]

### III.    Order

For the foregoing reasons, the plaintiff's motion to compel (Doc. 59.) is DENIED.  Further, the Government's motion for extension of time, (Doc. 60.), is

---

[1]We deny this request without prejudice to Medley endeavoring to make more narrowly tailored requests for information concerning matters relevant to his claims such as requests for information pre-dating the placement of this prisoner in Medley's cell block regarding diagnosis, or treatment for tuberculous.

GRANTED, as follows:

Close of Discovery:                                   **January 4, 2017**

Dispositive Motions and Supporting Briefs Due:   **January 4, 2017**

Consent to Proceed Before U.S. Magistrate Judge: **January 4, 2017**

So ordered this 29th day of November 2016.

***<u>S/Martin C.  Carlson</u>***
Martin C. Carlson
United States Magistrate Judge