## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS MEDLEY,** | : | **CIVIL NO. 1:15-CV-1261** |
| | : | |
| **Plaintiff,** | : | **(Judge Caldwell)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

### I.   Introduction

This case aptly illustrates the procedural hurdles which can confront a *pro se* litigant in federal court.  The plaintiff, Louis Medley, is a federal inmate, whose claim against the United States turns on some straightforward factual issues regarding whether Medley was negligently exposed to tuberculous when a tubercular inmate was transferred into the prison where Medley was housed.  Given this claim, Medley's case involves some simple factual questions like:  Did the Bureau of Prisons have a protocol or procedure for screening inmate for communicable diseases like tuberculous before they entered the prison system or were transferred from one institution to another?  If so, was that procedure followed in this case?  Medley also suggests that the source of this tuberculosis outbreak was a specific fellow prisoner.

This allegation then leads to other relevant factual inquiries: For example, did the Bureau of Prison identify the source of the outbreak? If so, when was the source of the outbreak identified? Was Medley exposed to this source of infection, after it was known that the source had contracted tuberculosis and what steps, if any, were taken to prevent exposure by other prisoners to this tuberculosis?

For his part, Medley has, in various ways and at various times, tenaciously attempted to secure this information. While Medley's efforts have been tireless on this score, they have frequently been inappropriate or overly broad. Therefore, we have been compelled to deny some poorly drafted and overly broad discovery demands, but we have counseled Medley regarding the steps he must take in order to pursue this basic factual discovery. It is evident, however, that our attempts at counseling have been, at best, poorly understood by Medley, who has continued to seek discovery in a haphazard and unfocused manner.

These procedural challenges are highlighted in the motion for summary judgment which is presently before the Court. (Doc. 69.) In that motion for summary judgment, the defendant argues that Medley has failed to present facts to support his claim that he was negligently exposed to tuberculosis. Medley has responded to this motion for summary judgment in a fashion which does not strictly comply with the requirements of Rule 56(d), but which–liberally construed–makes it clear that he

believes he cannot fully respond to the motion because he has not received discovery regarding the basic factual issues relating to inmate tuberculosis screening protocols; the identity of the source of this outbreak of tuberculosis; Medley's exposure to any known infected inmates; and the measures taken to curb the spread of this disease.

Confronted with an inmate who has struggled to understand discovery procedures, but seems to consistently convey a need for specific relevant and discoverable information through discovery before he can respond to a summary judgment motion, we submit that under Rule 56(d), the proper course to follow in the exercise of its discretion in this case is:

First, the Court should defer action on the summary judgment motion pending confirmation from Medley that he is seeking narrowly tailored discovery into the following discrete areas relating to: (1) whether there were protocols or procedures for screening inmate for communicable diseases like tuberculous before they enter the prison system or are transferred from one institutions to another; (2) whether those procedures were followed in this case; (3) whether and when the Bureau of Prison identified the source of the outbreak; (4) whether Medley was exposed to tuberculosis after the source of the infection was identified; and (5) what steps, if any, were taken to prevent exposure by the plaintiff and other prisoners to tuberculosis.

Second, if Medley confirms that he has confined the scope of his discovery demands to these specific, narrowly tailored and relevant fields of inquiry, the

defendant should respond to these interrogatories and produce any documents relevant to these specific lines of inquiry.

Finally, upon disclosure and receipt of this information pursuant to Rule 56(d), the parties can then renew this summary judgment motion, if appropriate.

## II.   Statement of Facts and of the Case

This *pro se* civil rights action was first brought by Louis Medley, a federal inmate, through the filing of a complaint on June 29, 2015. (Doc. 1.)  Liberally construed, in his complaint Medley alleged two claims of negligence.  First, according to Medley prison officials negligently failed to follow their own protocol for screening inmates for tuberculous and placed a tubercular inmate in Medley's prison housing unit, exposing him to tuberculous, which he contracted in a latent form.  (Id., ¶ 12.) Medley's complaint could also be liberally construed as bringing a claim of medical malpractice against prison medical staff.  (Id.)

The defendant initially responded to this complaint by filing a motion to dismiss, or in the alternative, for summary judgment. (Doc. 17.)  In this motion, the defendant construed Medley's complaint as one which exclusively alleged medical malpractice by prison care givers.  Construed in this fashion, the defendant argued that the complaint should be dismissed since Medley has failed to provide a certificate of merit on this professional negligence claim, as required by Pennsylvania Rule of Civil

Procedure 1042.3. Medley responded to this motion by arguing, in part, that his claim was not one of medical malpractice by prison medical staff. Rather, Medley asserted a claim of ordinary negligence by non-medical prison officials in administratively failing to properly screen a tubercular inmate and negligently placing that tubercular prisoner in the general inmate population.

We recommended that this motion to dismiss be granted, in part and denied, in part. Specifically, we recommended that the motion be granted, to the extent that Medley's complaint is construed as raising a claim of medical malpractice, but denied with respect to Medley's claims of ordinary negligence. (Doc. 33.) The district adopted this recommendation, (Docs. 48 and 49.), and the parties then proceeded with discovery relating to this claim of ordinary negligence concerning Medley's allegation that he was negligently exposed to tuberculosis.

In the course of this discovery, Medley–who is unschooled in matters of civil procedure–sought disclosure of the entire medical record of the inmate he suspected was the source of this infection and outbreak. The Government objected to this discovery request, as overly broad and violative of the privacy of this third party inmate. Upon consideration, we agreed and denied Medley's request for wholesale disclosure of this inmate's file, but entered this order "without prejudice to Medley endeavoring to make more narrowly tailored requests for information concerning matters relevant to his claims." (Doc. 62, p.7, n.1.)

Our point in entering this order was that Medley needed to more narrowly focus his discovery requests. That point, however, was apparently lost on the plaintiff who did not follow-up on these discovery demands. Yet, when the defendant moved for summary judgment, Medley filed a battery of pleadings, including a motion for extension of time, which, once again, seemed to identify the need for some additional discovery, albeit in a way which was often difficult to understand. We responded to these filings by entering an order which extended Medley's deadline for responding to this summary judgement motion, and advised Medley that, to the extent he required further discovery to respond to the motion: "the plaintiff shall file a response in opposition to the summary judgment motion, which should comply with Rule 56(d) by outlining in an affidavit the requested discovery, and explaining how that discovery material would defeat the defendant's summary judgment motion." (Doc. 73, p.2.)

Medley has endeavored to comply with this order through a series of filings, albeit filings which do not fully comport with the requirements of Rule 56(d). Nonetheless, liberally construed, these pleadings continue to underscore Medley's belief that he needs information relating to inmate health screening protocols; the identification of the source of this tuberculosis outbreak; his exposure to that source of infection; and the steps taken to prevent infection of the plaintiff in order to

potentially defeat this motion for summary judgement and prosecute this ordinary negligence claim.  (Docs. 74-77.)

For the reasons set forth below, we agree that the Court should allow some limited and specifically tailored discovery before addressing this summary judgment motion on its merits.

### III.   Discussion

#### A.   Rule 56– The Governing Legal Standards

The defendant has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P., Rule 56 (a).  Through summary adjudication a court is empowered to dispose of those claims that do not present a "genuine issue as to any material fact," Fed. R. Civ. P. 56, and for which a trial would be "an empty and unnecessary formality."  Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party.  Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact.  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004).  Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."  Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate.  Celotex, 477 U.S. at 322.  Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence.  Anderson, 477 U.S. at 249.  There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts.  Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In making this determination, the court must "consider all evidence in the

light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

Moreover, a party who seeks to resist a summary judgment motion by citing to disputed material issues of fact must show by competent evidence that such factual disputes exist. Further, "only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment." Countryside Oil Co., Inc. v. Travelers Ins. Co., 928 F.Supp. 474, 482 (D.N.J.1995). Similarly, it is well-settled that: "[o]ne cannot create an issue of fact merely by . . . denying averments . . . without producing any supporting evidence of the denials." Thimons v. PNC Bank, NA, 254 F. App'x 896, 899 (3d Cir. 2007)(citation omitted). Thus, "[w]hen a motion for summary judgment is made and supported . . ., an adverse party may not rest upon mere allegations or denial." Fireman's Ins. Co. of Newark NJ v. DuFresne, 676 F.2d 965, 968 (3d Cir. 1982), see Sunshine Books, Ltd. v. Temple Univ., 697 F.2d 90, 96 (3d Cir. 1982). "[A] mere denial is insufficient to raise a disputed issue of fact, and an unsubstantiated doubt as to the veracity of the opposing affidavit is also not sufficient." Lockhart v. Hoenstine, 411 F.2d 455, 458 (3d Cir. 1969). Furthermore, "a party resisting a [Rule 56] motion cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions." Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985)(citing Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981)).

There is a necessary corollary to these principles defining when summary judgment may be appropriate.   In the instant case, while Medley's pleadings have reflected substantial confusion on the plaintiff's part regarding procedural requirements in federal court, the plaintiff has consistently asserted that he is hamstrung in responding to the defendant's summary judgment motion because he has not been provided with information concerning prison tuberculosis screening protocols; the source of this particular outbreak; whether Medley was exposed to any known infected inmates; and the steps taken to protect other inmates from exposure to this illness.   On this score Rule 56(d) of the Federal Rules of Civil Procedure provides a pathway for resolution of discovery questions which are bound up with merits litigation of summary judgment motions, and provides as follows:

> **When Facts Are Unavailable to the Nonmovant.**   If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> **(1)** defer considering the motion or deny it;
>
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
>
> **(3)** issue any other appropriate order.
>
>  Fed. R. Civ. P. 56(d).

Rule 56(d) permits a court to defer consideration of a summary judgment motion when some further discovery is needed by the party opposing the motion in

order to frame a meaningful response to the motion.  Under these circumstances, we are mindful of the fact that:  "" "[I]t is well established that a court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery " ' Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir.2007) (quoting Dowling v. City of Phila., 855 F.2d 136, 139 (3d Cir.1988))."  Shelton v. Bledsoe, 775 F.3d 554, 565 (3d Cir. 2015).  Further, "[i]f discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law." Shelton v. Bledsoe, 775 F.3d 554, 568 (3d Cir. 2015).  Therefore, as a general rule we should refrain from declaring the facts to be undisputed for summary judgment purposes when it is evident that one party seeks discovery in order to fully respond to a motion for summary judgment.

### C.    The Court Should Defer Action on this Summary Judgment Motion and Permit Limited, Narrowly Tailored Discovery

As we have noted, Louis Medley presents a host of challenges to the Court and the defendant as a litigant, since it is not clear that Medley can consistently follow or even fully understand directions regarding how to accomplish certain procedural tasks. However, while Medley has at times struggled to comply with our directions concerning how to address discovery issues, he has also consistently asserted that he

needs discovery in order to contest this summary judgment motion, and present his ordinary negligence claim.  Further, although Medley has not been able to consistently frame proper discovery demands, liberally construed Medley's pleadings articulate a need for the following basic information relating to this negligence claim:

At the time of these events, did the Bureau of Prisons have protocols or procedures for screening inmate for communicable diseases like tuberculous before they entered the prison system, were transferred from one institutions to another, or entered an institution's inmate population?

If so, were these procedure followed in this case?

In addition, did the Bureau of Prison identify the source of the outbreak of tuberculosis which affected the plaintiff and other inmates at U.S.P. Canaan?  If so, when was the source of the outbreak identified?  Was the plaintiff exposed to the source of this outbreak, either directly or indirectly, once the source of infection had been identified?  What steps, if any, were taken to prevent exposure by the plaintiff and other prisoners to this tuberculosis?

In our view these six specific and more narrowly tailored questions seek information which is both relevant and discoverable under Rule 26 of the Federal Rules of Civil Procedure, Fed. R. Civ. P., Rule 26(b)(1), which provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P., Rule 26(b)(1).

In a case, which involves alleged negligence in screening for and preventing the spread of a communicable disease like tuberculosis among an inmate population, we have little difficulty in concluding that factual information pertaining to:  (1) inmate infectious disease screening protocols; (2) compliance with those protocols; (3) identification of the source of this particular outbreak; (4) exposure by the plaintiff to the source of the outbreak; and (5) steps taken to prevent any outbreak are all matters which are relevant and discoverable under Rule 26.[1]  Having made this finding, and further concluding that Medley's various pleadings, while poorly framed, appear to seek this information, we are mindful that "[i]f discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains

---

[1]Of course, if full compliance with these discovery demands raises privacy concerns, those concerns could be addressed through submission of information to the court for *in camera* review, redaction of documents, or through other means.

to facts that are not material to the moving party's entitlement to judgment as a matter of law." <u>Shelton v. Bledsoe</u>, 775 F.3d 554, 568 (3d Cir. 2015).  Therefore, pursuant to Rule 56(d), we recommend that the Court take the following preliminary steps in this case:

First, the Court should defer action on the summary judgment motion and remand the case to the undersigned in order permit us to confirm from Medley that he is seeking narrowly tailored discovery into these discrete areas.

Second, if Medley confirms the scope of his discovery demands is confined to these specific, narrowly tailored and relevant fields of inquiry, the defendant should respond to these interrogatories and produce any documents relevant to these specific questions.

Third, upon completion of this discovery, the parties should notify the Court regarding whether they wish to further pursue summary judgment in this case, at which point in time supplemental briefing can be ordered in light of the additional completed discovery.

## IV.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED as follows:

1.    The defendant's motion for summary judgment (Doc. 69.), should be DEFERRED, pending further narrowly tailored discovery pursuant to Rule 56(d).

2.    This case should be REMANDED to the undersigned with instructions to confirm from Medley that he is seeking narrowly tailored discovery into the following six discrete areas:  At the time of these events, did the Bureau of Prisons have protocols or procedure for screening inmate for communicable diseases like tuberculous before they entered the prison system, were transferred from one institutions to another, or entered an inmate population?  If so, were these procedure followed in this case? In addition, did the Bureau of Prison identify the source of the outbreak of tuberculosis which affected the plaintiff and other inmates at U.S.P. Canaan?  If so, when was the source of the outbreak identified?  Was the plaintiff exposed to the source of this outbreak, either directly or indirectly, once the source of infection had been identified?  What steps, if any, were taken to prevent exposure by the plaintiff and other prisoners to this tuberculosis?

3.    If Medley confirms the scope of his discovery demands is limited to these specific, narrowly tailored and relevant fields of inquiry, the defendant

should respond to these interrogatories and produce any documents relevant to these specific questions.

4.    Upon completion of this discovery, the parties should notify the Court regarding whether they wish to further pursue summary judgment in this case at which point in time supplemental briefing can be ordered in light of the additional completed discovery.

5.    In light of these recommendations, Medley's motion for extension of time, (Doc. 76.), is DISMISSED as moot.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 15th day of February, 2017.

***<u>S/Martin C. Carlson</u>***
Martin C. Carlson
United States Magistrate Judge
