# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS MEDLEY, | : | CIVIL NO.1:15-CV-1261 |
| Plaintiff, | : | (Judge Caldwell) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| UNITED STATES OF AMERICA | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

This *pro se* civil rights action was first brought by Louis Medley, a federal inmate, through the filing of a complaint on June 29, 2015. (Doc. 1.) Liberally construed, in his complaint Medley alleged that prison officials negligently failed to follow their own protocol for screening inmates for tuberculosis and placed a tubercular inmate in Medley's prison housing unit, exposing him to tuberculosis, which he contracted in a latent form. (Id., ¶ 12.) While the ultimate merit of Medley's claims remained to be litigated, and is the subject of a pending summary judgment motion, (Doc. 69), Medley struggled to advance proper discovery in this case and litigate these claims. Given the challenges which Medley faced in trying to articulate his claims and discovery demands, and the arguable merit of those claims, we conditionally appointed counsel in this case and directed the *Pro Bono* panel of the Middle District of Pennsylvania Chapter of the Federal Bar Association to notify us if counsel had been

1

located who could assist Medley. (Doc. 86.)

We have now been informed that no volunteer counsel is willing and available to assist Medley. Accordingly, the order conditionally appointing counsel in this case is WITHDRAWN and Medley is notified he must pursue this litigation without the assistance of appointed counsel.

We note that this court previously identified the following categories of information which would be relevant to Medley's claims: (1) whether there were protocols or procedures for screening inmate for communicable diseases like tuberculous before they enter the prison system or are transferred from one institutions to another; (2) whether those procedures were followed in this case; (3) whether and when the Bureau of Prisons identified the source of the outbreak; (4) whether Medley was exposed to tuberculosis after the source of the infection was identified; and (5) what steps, if any, were taken to prevent exposure by the plaintiff and other prisoners to tuberculosis.(Doc. 80, p.3.) Medley's filings indicate that he, too, is seeking this information so that he may respond to the defendant's motion for summary judgment and ascertain whether his case has merit.(Doc. 88.) Therefore, we are going to treat Medley's filings both as discovery requests for this information and as a Rule 56(d) request to defer resolution of this summary judgment motion, pending receipt of this discovery.

Construing these filings in this manner we are mindful of the fact that: "' "[I]t is well established that a court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery " ' Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir.2007) (quoting Dowling v. City of Phila., 855 F.2d 136, 139 (3d Cir.1988))." Shelton v. Bledsoe, 775 F.3d 554, 565 (3d Cir. 2015). Further, "[i]f discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law." Shelton v. Bledsoe, 775 F.3d 554, 568 (3d Cir. 2015). We also recognize that the defendant has not provided Medley and the court with a status report regarding the discovery provided to the plaintiff, as we had directed the defendant to do on September 19, 2017. (Doc. 89.)

Accordingly, in consideration of all of these matters, IT IS ORDERED as follows:

1. On or before **November 17, 2017**, the defendant shall produce for *in camera* inspection by the court all information in its possession, custody or control which is sought by Medley and is responsive to the following requests for information: (1) whether there were protocols or procedures for screening inmate for communicable diseases like tuberculous before they enter the prison system or are transferred from one institutions to

another; (2) whether those procedures were followed in this case; (3) whether and when the Bureau of Prisons identified the source of the outbreak; (4) whether Medley was exposed to tuberculosis after the source of the infection was identified; and (5) what steps, if any, were taken to prevent exposure by the plaintiff and other prisoners to tuberculosis.

2. In the meanwhile we will STAY further consideration of the summary judgment motion (Doc. 69) at this time pending the *in camera* review of this evidence.

SO ORDERED this 18th day of October, 2017.

>*/s/ Martin C. Carlson*
>Martin C. Carlson
>United States Magistrate Judge