# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| LOUIS MEDLEY, | : | CIVIL NO.1:15-CV-1261 |
| --- | --- | --- |
| | : | |
| Plaintiff, | : | (Judge Kane) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| UNITED STATES OF AMERICA | : | |
| | : | |
| Defendant. | : | |

# **MEMORANDUM AND ORDER**

This *pro se* civil rights action was first brought by Louis Medley, a federal inmate, through the filing of a complaint on June 29, 2015. (Doc. 1.) Liberally construed, in his complaint Medley alleged that prison officials negligently failed to follow their own protocol for screening inmates for tuberculosis and placed a tubercular inmate in Medley's prison housing unit, exposing him to tuberculosis, which he contracted in a latent form. (Id., ¶ 12.) While the ultimate merit of Medley's claims remained to be litigated, and is the subject of a pending summary judgment motion, (Doc. 69), Medley struggled to advance proper discovery in this case and litigate these claims. Given the challenges which Medley faced in trying to articulate his claims and discovery demands, and the arguable merit of those claims, we conditionally appointed counsel in this case and directed the *Pro Bono* panel of the

1

Middle District of Pennsylvania Chapter of the Federal Bar Association to notify us if counsel had been located who could assist Medley. (Doc. 86.)

After being informed that no volunteer counsel was willing and available to assist Medley, the order conditionally appointing counsel in this case was withdrawn and Medley was notified he must pursue this litigation without the assistance of appointed counsel. We then turned to the issue of whether Medley required additional discovery before he could respond to this summary judgment motion, a question which had remained pending in this litigation. On this score, the court previously identified the following categories of information which would be relevant to Medley's claims: (1) whether there were protocols or procedures for screening inmate for communicable diseases like tuberculous before they enter the prison system or are transferred from one institutions to another; (2) whether those procedures were followed in this case; (3) whether and when the Bureau of Prisons identified the source of the outbreak; (4) whether Medley was exposed to tuberculosis after the source of the infection was identified; and (5) what steps, if any, were taken to prevent exposure by the plaintiff and other prisoners to tuberculosis.(Doc. 80, p.3.) Medley's filings indicated that he, too, was seeking this information so that he may respond to the defendant's motion for summary judgment and ascertain whether his case has merit.(Doc. 88.) Therefore, we treated Medley's filings both as discovery requests for this information and as a Rule

56(d) request to defer resolution of this summary judgment motion, pending receipt of this discovery.

Construing these filings in this manner we are mindful of the fact that: "' "[I]t is well established that a court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery " ' Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir.2007) (quoting Dowling v. City of Phila., 855 F.2d 136, 139 (3d Cir.1988))." Shelton v. Bledsoe, 775 F.3d 554, 565 (3d Cir. 2015). Further, "[i]f discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law." Shelton v. Bledsoe, 775 F.3d 554, 568 (3d Cir. 2015). Therefore, we ordered the defendant to produce on or before November 17, 2017 for *in camera* inspection by the court all information in its possession, custody or control which is sought by Medley and is responsive to the following requests for information: (1) whether there were protocols or procedures for screening inmate for communicable diseases like tuberculous before they enter the prison system or are transferred from one institutions to another; (2) whether those procedures were followed in this case; (3) whether and when the Bureau of Prisons identified the source of the outbreak; (4) whether Medley was exposed to tuberculosis after the source of the infection was identified; and (5) what steps, if any, were taken

to prevent exposure by the plaintiff and other prisoners to tuberculosis.

We have received, and reviewed, these extensive *in camera* submissions, which totaled approximately 800 pages. Having conducted this review, we find that the following materials are relevant to the claims and defenses in this case and should be produced for inspection by the plaintiff on or before **April 2, 2018.**

With respect to the defendant's November 21, 2017 *in camera* submission the following items should be produced:

1. Attachments 1 through 7 in their entirety, subject to the redactions made by the defendant in those documents.

2. The following Bates stamped pages from Attachments 8 and 9, subject to the redactions made by the defendant in those documents: 251, 266-270, 275, 280, 282, 300, 314, 318, 329, 331, 392, 400, 401, 418-491, 532, 558-563, 569-575, 580-581, 587-592, 594, 600.

3. Attachments 11 and 12 in their entirety.

With respect to the defendant's December 13, 2017 *in camera* submission the following items should be produced:

1. Attachments 3,4, 6, and 7.

Given these rulings addressing the outstanding discovery issues in this case, Medley's motion for writ of mandamus, (Doc. 98), which essentially was a motion to

compel discovery, is DISMISSED as moot.

Further, we note that the release of this discovery material, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, may fundamentally change the nature of that summary judgment motion. Under Rule 56(d)(1), the court has the discretion to defer or deny a motion when considering the need for further discovery. Therefore, in the exercise of this discretion, IT IS ORDERED, that this motion (Doc. 69), be DEFERRED and DENIED, without prejudice to renewal by the defendant upon completion of this discovery to Medley.[1]

Finally, IT IS ORDERED that the United States shall either renew its summary judgment motion in a more complete form, taking into account these discovery disclosures, or notify the Court that it wishes to entertain a settlement conference under the Court's Prisoner Litigation Settlement Program, on or before **April 16, 2018.**

SO ORDERED this 5th day of March, 2018.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

---

[1] If the defendant believes that the deferral and denial of this summary judgment motion pending completion of discovery is a matter which should be submitted to the district court for its consideration through a Report and Recommendation, government counsel should notify the court by letter on or before March 15, 2018.